IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Peter B., Jimmy "Chip" E., and Michelle M., | ) ) ) | |
| Plaintiffs, | ) ) ) | C/A No. 6:10–767-TMC |
| v. | ) ) ) ) | **OPINION and ORDER** |
| Beverly Buscemi, Kelly Floyd, the South Carolina Department of Health and Human Services, the South Carolina Department of Disabilities and Special Needs, Anthony Keck, and Richard Huntress, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' Motion to Alter or Amend the Grant of Summary Judgment to Defendants Sanford and Haley. (Dkt. # 190). The court has reviewed the motion and finds it does not need to wait for Defendants' response to reach a decision on this motion. For the reasons below, the motion is denied.

Although Plaintiffs did not cite to any rule, the court considers Plaintiffs' motion to alter or amend the granting of summary judgment as one to alter or amend a judgment pursuant to Federal Rules of Civil Procedure 59. The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir.1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law

or prevent manifest injustice. *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). However, "[a] Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," *DeLong v. Thompson*, 790 F.Supp. 594, 618 (E.D.Va.1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va. 1977). Plaintiffs set forth many arguments in her motion to alter or amend. While most are merely rehashing the same arguments which were previously before the court, the court will address those arguments which it perceives as appropriate grounds for a motion to alter or amend.

In their motion to alter or amend, Plaintiffs state the court applied the wrong legal standard and they then set forth the doctrine of qualified immunity as set forth in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Defendants Sanford and Haley's summary judgment motion was raised and granted, inter alia, on the ground of Eleventh Amendment immunity. These Defendants did not move for summary judgement on the ground of qualified immunity. *See Brown v. Washington*, C/A No. 4:08-0663-TLW-TER (D.S.C. Jan. 29, 2010)(discussing qualified and Eleventh Amendment immunities). Accordingly, *Harlow* is inapplicable.

Further, Plaintiffs contend that "the" case upon which the court relied upon in finding legislative immunity, *Empress Casino Joliet Corp. v. Blagojevich*, 638 F.3d 519, 529 (7th Cir. 2011) (finding governor was entitled to absolute immunity in regard to allegations that he "took bribes in exchange for influencing the state legislature to pass the Racing Acts and for signing the Acts into law"), was "reheard by the Fourth Circuit en banc with a different result. 651 F.3d 722 (7th Cir. 2011). Governor Blagojevich was convicted of public corruption related charges and is serving a sentence in prison." (Mot. at 14). First, this was a 7th Circuit case and one of four cases cited by the court.

2

Moreover, the case was not reheard with a different result. It was partially vacated and decided on unrelated grounds by *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F3d 799 (7th Cir. 2011). *Empress Casino Joliet Corp.*, was a case consolidating two actions brought by operators of riverboat gambling casinos against former Illinois Governor Blagojevich, his campaign finance committee, and operators of horse racetracks, alleging a Racketeer Influenced and Corrupt Organizations Act (RICO) action and a state law constructive trust claim arising from the state's Racing Act, which required casinos to pay percentage of gross receipts to fund to benefit racetracks. Blagojevich was dismissed based upon legislative immunity from this civil action and the parties in that action did not seek rehearing en banc. *Empress Casino Joiliet Corp.*, 649 F.3d 799 (7th Cir. 2011). Rather, rehearing was granted solely in the action not involving Blagojevich. *Id.* As for Blagojevich's conviction and sentence, the court fails to see how his subsequent criminal conviction and sentence have any relevance to the issue of legislative immunity in a civil action. *See Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23 (1st Cir. 1996) (holding that absolute immunity from suit for civil damages under § 1983 does not necessarily immunize legislator or his aide from federal criminal prosecution; however, legislator is immunized from suit for damages under § 1983).

Additionally, the court notes that Plaintiffs argue that they have been "prevented from deposing Sanford or Haley and dismissal prior to taking discovery would be a violation of Plaintiffs' right." (Mot. at 7). Legislative and Eleventh Amendment immunity confer an entitlement of "immunity from suit rather than a mere defense to liability; and . . . it is effectively lost if a case is erroneously permitted to go to trial." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 (4th Cir. 2005) (quotations omitted) (emphasis removed). *See also Romero-Barcelo*, 75 F.3d at 28.

3

Waiting to dismiss these Defendants so Plaintiffs can depose them when they are entitled to immunity would defeat the purpose and intent of such immunity.

As for Plaintiffs' contention that the court relied upon *Carter v. Morris*, 164 F.3d 215 (4th Cir. 1999), and *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994), "to pronounce supervisory liability dead in any Section 1983 case" (Pls.' Mot. at 9), the court notes it cited to *Carter* and *Morris* solely as support for its alternative ruling that Plaintiffs failed to establish supervisory liability.

Plaintiffs have not demonstrated a recent change in the law, newly discovered evidence, or a clear error by this court which merits any alteration or amendment to the prior order. Accordingly, Plaintiffs' Motion (Dkt. # 190) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
June 27, 2012