IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Sandra Kerr Ray, Guardian ad Litem for Michelle M., and formerly Guardian ad Litem for Peter B., and Chip E.,     Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | C/A No.: 6:10-cv-00767-TMC |
| Marshall C. Sanford, Nikki Randhawa Haley, Anthony Keck, Beverly Buscemi, Kelly Floyd, Richard Huntress, the South Carolina Department of Health and Human Services and the South Carolina Department of Disabilities and Special Needs,     Defendants. | ) ) ) ) ) ) ) ) ) ) | PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR STRIKE |

Defendants have moved to dismiss Plaintiffs' motion for attorney fees on the grounds of untimeliness. Defendants' motion should be denied for the reasons set forth below. See ECF 333, Motion for Attorney Fees and GAL fees.

**Facts**

Plaintiffs moved for attorney fees on May 1, 2017, within fourteen days of the final order of the United States Supreme Court dismissing the case. ECF 333.

This case was initiated by the filing of a complaint on March 24, 2010 by Chip E., Peter B., Michelle M. and Karen W. Michelle M. died during the proceedings and Karen W. voluntarily withdrew. Magistrate Judge Bruce Howe Hendricks appointed Sandra Kerr Ray as Guardian ad Litem to represent the interests of Peter B. and Michelle M. On June 8, 2010. ECF 26. On November 24, 2010, Judge Hendricks issued a Report and Recommendation

1

recommending grant of a preliminary injunction (ECF 71), which was granted by Judge Michelle Childs on March 7, 2011. (ECF 95). The preliminary injunction required Defendants to restore the status quo at the time the complaint was filed (and in Peter B.'s case, restore 12 hours a week of attendant care services) during the litigation. Id.

The district court granted Defendants' motion to dismiss the claims of Chip E. and Michelle M. as moot and stayed the claims of Peter B. on March 7, 2013. ECF 231. Chip E. and Michelle M. sought to appeal that interlocutory order to the United States Court of Appeals for the Fourth Circuit. (ECF 235).

Seventeen days after Plaintiffs filed that appeal in the Fourth Circuit, presiding Judge Timothy Cain filed a grievance against Attorney Harrison, on April 19, 2013, that was initiated by complaints made by counsel for DDSN and DHHS about this case and another case where a DDSN client sued agencies and officials Mr. Woodington represents, *Doe v. Kidd*.[1] Exhibit 1. Harrison's counsel filed the attached response with disciplinary counsel on October 31, 2013.[2] Exhibit 2.

The Fourth Circuit dismissed Plaintiffs' interlocutory appeal on August 20, 2013. ECF 239 That Court did not consider even that order of the district court dismissing all claims of Chip

---

[1] As discussed in Attorney Harrison's response to the grievance, *Doe v. Kidd* was not pending before Judge Cain.

[2] As to the grounds for the grievance, Harrison calls the Court's attention to the decision of the Fourth Circuit in *Doe v. Kidd III*, 656 F. Appx, 643, 658 (4th Cir. 2016) ("Importantly, the district court failed to recognize that the defendants — not Doe — repeatedly violated the Medicaid Act, even after Doe I and Doe II was decided. It was not until August 2013, two and a half years after Doe II, that the defendants came into compliance with the Medicaid Act. Moreover, the fact that the state administrative body found in Doe's favor — allowing her to seek CTH II placement — before this district court awarded her appropriate relief, does not diminish what Doe accomplished in this case.")

2

E. and Michelle M. to be a "final order." ECF 239. ("The order from which Appellants seek to appeal is not a final order, given that it disposes of "'fewer than all the claims or the rights and liabilities of fewer than all the parties.")

Judge Cain's grievance against Harrison was dismissed by disciplinary counsel at the earliest level, on January 15, 2014, after Plaintiffs' case had been remanded by the Fourth Circuit. Exhibit 3. The district judge continued to preside over the case, although two other cases filed by DDSN waiver participants on his caseload were reassigned to other district court judges.

On remand from the Fourth Circuit, on May 27, 2014, Plaintiffs filed a status report requested by the court informing the court that Defendants were in violation of Judge Child's preliminary injunction order, alleging that services deemed necessary by treating physicians had not been provided and requesting discovery and an evidentiary hearing. ECF 251-1. Judge Cain issued an order requiring Plaintiffs' counsel to file another status report by 5:00 that same day. (ECF 252). Plaintiffs filed a second status report by 5:00 that day, as ordered, again informing the court that the services ordered by Judge Childs still had not been provided to Plaintiffs, asking the court to enforce her order and to proceed to trial on issues not resolved by the preliminary injunction order. ECF 253 at 2. Again, the court was advised that Plaintiffs' conditions continued to deteriorate, because needed services were not provided. Id. at 3. ("Four years have passed since this lawsuit was filed and Plaintiffs are real human beings who continue to suffer from the violations complained of in the Amended Complaint."). On July 19, 2014, Plaintiffs again informed the Court that the services ordered by Judge Childs were not being provided to Peter

3

B.[3] ECF 264.

Chip E. filed a motion asking the district court to bifurcate his claims on September 29, 2014, so that he could file an appeal in the Fourth Circuit, seeking to obtain the services he desperately needed. On December 10, 2014, the district court granted Defendants motion to dismiss the claims of Peter B.,[4] granted Plaintiffs' motion to withdraw from representing Peter B., but denied Chip E.'s motion to bifurcate. ECF 302 at 13.

Chip E. filed a timely appeal in the Fourth Circuit, which was dismissed in a one-page order on April 29, 2016. *Jimmy Chip E v. Buscemi,* 647 Fed. Appx. 219 (4th Cir. 2016). The Fourth Circuit then denied the motion for rehearing on September 7, 2017.

On October 27, 2916, Defendants authorized Chip to receive 175 hours a week of personal care attendant services (PC II), in addition to the 6 hours a week of personal care I (PC II) services and 240 hours a month of respite services - for a total of approximately 241 hours a week. Exhibit 4. This increase nearly doubled the number of hours Chip E. would have received under the caps imposed by the Defendants in 2010. On or about May 25, 2017, as a result of this and similar cases, the ID/RD waiver application that DHHS filed in 2014 was finally approved by CMS,

---

[3] Brown had filed an administrative fair hearing in 2005, alleging that adult companion services were terminated in retaliation for filing a civil rights complaint. *Brown v. S.C. HAS*, 393 S.C. 11 (S.C. Ct. App. 2011) and ECF 253-3. The South Carolina Court of Appeals reversed and remanded, directing DHSS to provide a hearing on the merits. Id. DHSS again dismissed Brown's appeal, without providing an evidentiary hearing. ECF 253-3. The parties disagreed as to whether the services at issue in that appeal had been restored. ECF 272-2. It is not necessary for purpose of determining the timeliness of the request for attorneys' and GAL fees to review the details of those proceedings, but additional information from the public record of those proceedings is available if the Court desires.

[4] Upon information and belief, after the district court dismissed Peter B.'s case, the services he requested were finally restored. Discovery may be needed on this issue if time spent by the GAL related to Peter B. is disputed once the issue of timeliness is resolved.

retroactively to January 1, 2017, providing for exceptions to the caps must be applied.

Chip E. filed a petition for certiorari in the Supreme Court of the United States on December 6, 2017, which was denied. ECF 332. Immediately after that order was issued, clearly within fourteen days , Plaintiffs filed a motion for fees. ECF 333.

## Timeliness of Motion for Fees

Federal Rule of Civil Procedure 54(d) provides that motions for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(I). The "judgment" referenced in Rule 54(d) is a "final judgment," not an interlocutory one. *SAS Inst. Inc. v. World Programming Ltd.*, 2016 U.S. Dist. LEXIS 92212, (E.D.N.C. 2016). In *Belk, Inc. v. Meyer Corp.*, 2010 U.S. Dist. LEXIS 97441*19 (N.C.D.C. 2010), the North Carolina District Court noted that a request for fees must be filed "...within fourteen days after the entry of <u>final judgment</u>." (Emphasis added.) See Fed. R. Civ. P. 54(a) & advisory committee note (1993) ("[Rule 54(d)(2)(B)] provides a deadline for motions for attorneys' fees—14 days after <u>final judgment</u> unless the court or a statute specifies some other time.") (emphasis added); Fed. R. App. P. 4(a)(1) (appeal must be taken "within 30 days after the entry of judgment"). Plaintiff's argument rests on the assumption that the fourteen day deadline to file a motion for attorneys fees could not have run until, at the earliest, after the final order issued by the Supreme Court of the United States. ECF 332. Plaintiffs filed the motion for fees within 14 days of that final order of the Supreme Court, perhaps prematurely, because this Court still has not filed a judgment.

Post-judgment motions can obviously affect court's judgment and can "interrupt the judgment's finality," precluding appellate review of a case until after their disposition. *Weyant v. Okst,* 198 F.3d 311, 314-15 (2d Cir. 1999); accord *Barghout v. Bureau of Kosher Meat & Food*

*Control*, No. 96-2366, 1998 U.S. App. LEXIS 7829, 1998 WL 193106, at *2 (4th Cir. Apr. 23, 1998). Because Plaintiffs filed an appeal of the decision of the district court disposing of the case, Rule 54(b) provides that the deadline for filing a motion for fees and costs does not expire until 14 days after judgment is issued on that appeal.

Since a case often has many judgments, it may not always be clear which judgment triggers a deadline. In any event, while the preliminary injunction might have justified an award of interim fees, the most significant success occurred on October 27, 2016, while Plaintiff's petition for certiorari was pending in the Supreme Court, when Defendants drastically increased Chip E.'s hours to nearly double those he would have received had this lawsuit not been filed.[5]

Under Defendants' interpretation of the applicable Rule, Sue Doe would have had to file her petition for fees within 14 days of the Fourth Circuit's order remanding her case in 2007. *Doe v. Kidd I*, 501 F.3d 348 (4th Cir. 2007). Obviously, that is not the interpretation the Fourth Circuit used in awarding $669,077.20 in legal fees in 2016, based on a fee petition filed in 2013. *Doe v. Kidd III,* 656 F. App. 643, 661 (4th Cir. 2016), cert. denied *Kidd v. Doe*, 2017 U.S. LEXIS 505 (U.S., Jan. 9, 2017). Indeed, while the district court has the *discretion* to award interim fees, nothing in Rule 54(d) *requires* a party to file a request for interim fees and Defendants fail to cite a case where the Fourth Circuit or the Supreme Court of the United States have held a fee petition filed within 14 days of a <u>final order</u> to be untimely.

The record shows that Plaintiffs repeatedly requested fees and costs in motions filed after the preliminary injunction in the district court, in the Fourth Circuit and in the Supreme Court. The idea that plaintiff should have burdened the Court with an unnecessary, extra separate fee

---

[5] Discovery is needed as to the reasons for increasing these hours.

motion before a final judgment was issued in the case makes no sense, and it contradicts Federal Rule of Civil Procedure 1, which provides that "The [the Rules] should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding."

### Excusable Neglect

Even if Plaintiffs had not met the requirements of Rule 54 (and Plaintiffs again reassert that those requirements have been met here), in the alternative, Plaintiffs seek leave to have the filing allowed based on excusable neglect. Judge Norton of this District has decided a case directly on point, i.e., the question of "excusable neglect" in filing a Rule 54 fee petition. *Hilton Groups, PLC v. Branch Banking & Trust Co.*, 2007WL2022183 (D.S.C. 2007) (Unreported case attached as Exhibit 5.) Judge Norton held that the two most important factors in determining whether an untimely filing should be allowed because of exclusable neglect are whether there was prejudice to the other side (the most important factor)[6] and whether the applicant had acted in good faith. He also referred to other factors such as the effect, if any, on court proceedings, and the reason for failure to act earlier. Reviewing those factors, Judge Norton granted the request for the untimely filing on the grounds of excusable neglect. Here, the Defendants are not prejudiced and it should come as no surprise that Plaintiffs are requesting fees, as they have done in multiple filings denied by this Court and as was requested in the filings in both the Fourth Circuit and the Supreme Court.

---

[6] The only reason the Revisers gave for adding the 14 day deadline to Rule 54 was to avoid prejudice to the opposing party if a fee application could be delayed beyond the 30 day period when the other side had to decide whether or not to file a notice of appeal. Reviser's Note to 1983 amendment to Rule 54.

**GAL Fees**

The Guardian ad Litem was appointed by the district court to protect the best interests Peter B. and Michelle M. in this case and she dutifully performed those duties from 2010 through 2014. As the Fourth Circuit ruled in 2016 in *Doe v. Kidd III* (where the GAL was awarded fees dating back to 2003):

> Courts have interpreted Federal Rule of Civil Procedure 54(d) to allow taxation of guardian ad litem expenses as costs against the United States. See Kollsman, 996 F.2d at 702; Lebron v. United States, 279 F.3d 321, 332 (5th Cir. 2002). Rule 54(d) states, "costs — other than attorneys' fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). ... It is well recognized that the guardian ad litem serves essentially as an officer of the court and looks after the interests of the plaintiff. See Kollsman, 996 F.2d at 702; Hull, 971 F.2d at 1510; duPont v. S. Nat. Bank of Hous., 771 F.2d 874, 882 (5th Cir. 1985); Schneider v. Lockheed Aircraft Corp., 658 F.2d 835, 854, 212 U.S. App. D.C. 87 (D.C. Cir. 1981); Franz v. Buder, 38 F.2d 605, 606 (8th Cir. 1930). The guardian ad litem is there not only to manage the litigation for the incompetent but also to assist the court in performing its duty to zealously protect the incompetent's interests. See Kollsman, 996 F.2d at 706. As such, the guardian ad litem's "costs and expenses are appropriately chargeable under Rule 54." Id.

656 F.App. 643, 659 (4th Cir. 2016).

Local Rule 54.03 provides in relevant part that "Bill of costs shall be filed within the same time limits set by Fed. R. Civ.P. 54(d)(2)(B) for applications of attorney's fees. The GAL's fee petition, like the claim for Plaintiffs' attorneys' fees, was filed within 14 days of the final order dismissing the claims of all parties. The Court should set a schedule for briefing to review the claim of the GAL for fees.

**Conclusion**

Plaintiffs properly moved for attorney fees on May 1, 2017, clearly within fourteen days of the final order of the Supreme Court dismissing the case, and before this Court entered its final judgment. ECF 333. For the reasons set forth above, the motion for legal fees and GAL fees

should be deemed properly filed, the Court should schedule a hearing to discuss discovery requests and to establish a scheduling order for briefing.

        Respectfully submitted,

        s/ Patricia Logan Harrison
        Patricia Logan Harrison
        611 Holly Street
        Columbia, SC 29205
        Email: pharrison@loganharrisonlaw.com
        Federal Bar No. 6963

        Kenneth C. Anthony, Jr.
        250 Magnolia Street
        Spartanburg, SC 29306
        Phone: (864) 582-2355
        Email: kanthony@anthonylaw.com
        Federal Bar No. 1132

June 29, 2017